# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption:   StandWithUs Center for Legal Justice et al v. Massachusetts Institute of Technology

District Court Number:   24cv10577-RGS

Fee:   Paid?   Yes  X   No _____   Government filer _____   *In Forma Pauperis* Yes _____   No _____

Motions Pending   Yes _____ No  X          Sealed documents   Yes _____ No  X
*If yes, document #* _____      *If yes, document #* _____

*Ex parte* documents   Yes _____ No  X    Transcripts   Yes  X  No _____
*If yes, document #* _____      *If yes, document #*   51

Notice of Appeal filed by: Plaintiff/Petitioner  X   Defendant/Respondent _____   Other: _____

Appeal from:
## #53 Memorandum and Order, #54 Order of Dismissal
Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #53, #54, and #55
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal #  55   filed on   August 29, 2024   .

In testimony whereof, I hereunto set my hand and affix the seal of this Court on   August 29, 2024  .

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: <u>1:24–cv–10577–RGS</u>

StandWithUs Center for Legal Justice et al v. Massachusetts Institute of Technology
Assigned to: Judge Richard G. Stearns
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 03/07/2024
Date Terminated: 07/31/2024
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **StandWithUs Center for Legal Justice** | represented by | **Janet R. Varnell**<br>Varnell and Warwick PA<br>400 N Ashley Drive<br>Suite 1900<br>Tampa, FL 33602<br>352–753–8600<br>Fax: 352–504–3301<br>Email: <u>jvarnell@vandwlaw.com</u><br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jason P. Sultzer**<br>The Sultzer Law Group, P.C.<br>85 Civic Center Plaza<br>Suite 104<br>Poughkeepsie, NY 12601<br>845–483–71000<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Marlene Jaye Goldenberg**<br>Nigh Goldenberg Raso & Vaughn<br>14 Ridge Square NW<br>Third Floor<br>Washington, DC 20016<br>612–424–9900<br>Fax: 202–792–7927<br>Email: <u>mgoldenberg@nighgoldenberg.com</u><br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Melissa S. Weiner**<br>Pearson Warshaw, LLP<br>Suit 2150<br>328 Barry Avenue S.<br>Suite 200 |

1

Wayzata, MN 55391
612–389–0600
Fax: 612–389–0610
Email: mweiner@pswlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neil Swartzberg**
Pearson Warshaw, LLP
555 Montgomery Street
Suite 1205
San Francisco, CA 94111
415–433–9000
Fax: 415–433–9008
Email: nswartzberg@pwfirm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Abrams**
David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, NY 10008
212–897–5821
Email: dnabrams@gmail.com
*ATTORNEY TO BE NOTICED*

**Pamela G Levinson**
Varnell and Warwick PA
400 N Ashley Drive
Suite 1900
Tampa, FL 34236
352–753–8600
Fax: 352–504–3301
Email: plevinson@vandwlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Katerina Boukin**                    represented by   **Janet R. Varnell**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason P. Sultzer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marlene Jaye Goldenberg**
(See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa S. Weiner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neil Swartzberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Abrams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Pamela G Levinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marilyn Meyers**                    represented by  **Janet R. Varnell**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason P. Sultzer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marlene Jaye Goldenberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa S. Weiner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neil Swartzberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

3

*ATTORNEY TO BE NOTICED*

**David Abrams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Pamela G Levinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Massachusetts Institute of Technology** | represented by | **Ishan Bhabha**<br>Jenner & Block, LLP<br>1099 New York Avenue NW, Suite 900<br>Washington, DC 20001<br>(202) 639– 6000<br>Email: ibhabha@jenner.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Lauren J. Hartz**
Jenner & Block, LLP
1099 New York Avenue NW, Suite 900
Suite 900
Washington, DC 20001
202–637–6363
Email: lhartz@jenner.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daryl J. Lapp**
Locke Lord LLP
111 Huntington Avenue
Boston, MA 02199
617–239–0174
Fax: 617–316–8272
Email: daryl.lapp@lockelord.com
*ATTORNEY TO BE NOTICED*

**Elizabeth H. Kelly**
Locke Lord LLP
111 Huntington Avenue
Boston, MA 02199
617–239–0774
Fax: 866–955–9265
Email: liz.kelly@lockelord.com
*ATTORNEY TO BE NOTICED*

4

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2024 | <u>1</u> | COMPLAINT against Massachusetts Institute of Technology Filing fee: $ 405, receipt number AMADC−10306110 (Fee Status: Filing Fee paid), filed by Boukin Katerina, Marilyn Meyers, StandWithUs Center for Legal Justice. (Attachments: # <u>1</u> Civil Cover Sheet, # <u>2</u> Category Form)(Abrams, David) (Entered: 03/07/2024) |
| 03/07/2024 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge Richard G. Stearns assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Donald L. Cabell. (Phillips, Sophie) (Entered: 03/07/2024) |
| 03/07/2024 | <u>3</u> | Summons Issued as to Massachusetts Institute of Technology. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Kinsella, Jaylannie) (Entered: 03/07/2024) |
| 03/10/2024 | <u>4</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Marlene J. Goldenberg Filing fee: $ 125, receipt number AMADC−10310104 by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice. (Attachments: # <u>1</u> Affidavit)(Abrams, David) (Entered: 03/10/2024) |
| 03/11/2024 | 5 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting <u>4</u> Motion for Leave to Appear Pro Hac Vice for Marlene J. Goldenberg.<br><br>**Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen−current−pacer−accounts.htm#link−account.<br><br>(Pacho, Arnold) (Entered: 03/11/2024) |
| 03/14/2024 | <u>6</u> | MOTION for Leave to Appear Pro Hac Vice for admission of NEIL SWARTZBERG Filing fee: $ 125, receipt number AMADC−10317166 by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice. (Attachments: # <u>1</u> Affidavit Supporting Affirmation)(Abrams, David) (Entered: 03/14/2024) |
| 03/15/2024 | 7 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting <u>6</u> Motion for Leave to Appear Pro Hac Vice of Neil Swartzberg.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |

| | | |
|---|---|---|
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (Pacho, Arnold) (Entered: 03/15/2024) |
| 03/15/2024 | 8 | MOTION for Leave to Appear Pro Hac Vice for admission of Melissa Weiner Filing fee: $ 125, receipt number AMADC–10319117 by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice. (Attachments: # 1 Affidavit Supporting Affirmation)(Abrams, David) (Entered: 03/15/2024) |
| 03/15/2024 | 9 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 8 Motion for Leave to Appear Pro Hac Vice Added Melissa S. Weiner. **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen–current–pacer–accounts.htm#link–account. (McManus, Caetlin) (Entered: 03/15/2024) |
| 03/18/2024 | 10 | AFFIDAVIT OF SERVICE Executed by StandWithUs Center for Legal Justice, Marilyn Meyers, Katerina Boukin. Massachusetts Institute of Technology served on 3/14/2024, answer due 4/4/2024. Acknowledgement filed by StandWithUs Center for Legal Justice; Marilyn Meyers; Katerina Boukin. (Goldenberg, Marlene) (Entered: 03/18/2024) |
| 03/22/2024 | 11 | NOTICE of Appearance by Melissa S. Weiner on behalf of Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice (Weiner, Melissa) (Entered: 03/22/2024) |
| 03/25/2024 | 12 | NOTICE of Appearance by Neil Swartzberg on behalf of Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice (Swartzberg, Neil) (Entered: 03/25/2024) |
| 03/27/2024 | 13 | NOTICE of Appearance by Daryl J. Lapp on behalf of Massachusetts Institute of Technology (Lapp, Daryl) (Entered: 03/27/2024) |
| 03/27/2024 | 14 | CORPORATE DISCLOSURE STATEMENT by Massachusetts Institute of Technology. (Lapp, Daryl) (Entered: 03/27/2024) |
| 03/27/2024 | 15 | Assented to MOTION for Extension of Time to April 18, 2024 to to Respond to the Complaint by Massachusetts Institute of Technology.(Lapp, Daryl) (Entered: 03/27/2024) |
| 03/27/2024 | 16 | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Ishan K. Bhabha Filing fee: $ 125, receipt number BMADC–10337880 by Massachusetts Institute of Technology. (Attachments: # 1 Certification)(Lapp, Daryl) (Entered: 03/27/2024) |
| 03/27/2024 | 17 | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Lauren J. Hartz Filing fee: $ 125, receipt number AMADC–10337890 by Massachusetts Institute of Technology. (Attachments: # 1 Certification)(Lapp, Daryl) (Entered: 03/27/2024) |
| 03/27/2024 | 18 | NOTICE of Appearance by Elizabeth H. Kelly on behalf of Massachusetts Institute of Technology (Kelly, Elizabeth) (Entered: 03/27/2024) |
| 03/27/2024 | 19 | |

| | | |
|---|---|---|
| | | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 15 Motion for Extension of Time. Defendant's response to the Complaint is due April 18, 2024. (RGS, law3) (Entered: 03/27/2024) |
| 03/28/2024 | 20 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 16 Motion for Leave to Appear Pro Hac Vice Added Ishan K. Bhabha. **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen–current–pacer–accounts.htm#link–account. (McManus, Caetlin) (Entered: 03/28/2024) |
| 03/28/2024 | 21 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 17 Motion for Leave to Appear Pro Hac Vice Added Lauren J. Hartz. **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen–current–pacer–accounts.htm#link–account. (McManus, Caetlin) (Entered: 03/28/2024) |
| 03/29/2024 | 22 | MOTION for Leave to Appear Pro Hac Vice for admission of Jason P. Sultzer Filing fee: $ 125, receipt number AMADC–10340064 by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice. (Attachments: # 1 Affidavit Supporting Affirmation)(Abrams, David) (Entered: 03/29/2024) |
| 04/01/2024 | 23 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 22 Motion for Leave to Appear Pro Hac Vice Added Jason P. Sultzer. **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen–current–pacer–accounts.htm#link–account. (McManus, Caetlin) (Entered: 04/01/2024) |
| 04/02/2024 | 24 | MOTION for Leave to Appear Pro Hac Vice for admission of Janet R. Varnell Filing fee: $ 125, receipt number AMADC–10347036 by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice. (Attachments: # 1 Affidavit Certification in Support of PHV Admission)(Abrams, David) (Entered: 04/02/2024) |
| 04/03/2024 | 25 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 24 Motion for Leave to Appear Pro Hac Vice Added Janet R. Varnell. |

| | | |
|---|---|---|
| | | **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen−current−pacer−accounts.htm#link−account. (McManus, Caetlin) (Entered: 04/03/2024) |
| 04/03/2024 | 26 | MOTION for Leave to Appear Pro Hac Vice for admission of Pamela G. Levinson Filing fee: $ 125, receipt number AMADC−10348505 by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice. (Attachments: # 1 Affidavit Certification in Support of PHV Admission)(Abrams, David) (Entered: 04/03/2024) |
| 04/04/2024 | 27 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 26 Motion for Leave to Appear Pro Hac Vice of Pamela G. Levinson. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (McManus, Caetlin) (Entered: 04/04/2024) |
| 04/04/2024 | 28 | Joint MOTION for Leave to File Excess Pages *for Memoranda of Law Up To 25 Pages In Support of and In Opposition to Defendant's Motion to Dismiss* by Massachusetts Institute of Technology.(Lapp, Daryl) (Entered: 04/04/2024) |
| 04/04/2024 | 29 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 28 Motion for Leave to File Excess Pages. (RGS, law3) (Entered: 04/04/2024) |
| 04/11/2024 | 30 | NOTICE of Appearance by Janet R. Varnell on behalf of Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice (Varnell, Janet) (Entered: 04/11/2024) |
| 04/11/2024 | 31 | NOTICE of Appearance by Pamela G Levinson on behalf of Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice (Levinson, Pamela) (Entered: 04/11/2024) |
| 04/18/2024 | 32 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and For Lack of Subject−Matter Jurisdiction* by Massachusetts Institute of Technology.(Bhabha, Ishan) (Entered: 04/18/2024) |
| 04/18/2024 | 33 | MEMORANDUM in Support re 32 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and For Lack of Subject−Matter Jurisdiction* filed by Massachusetts Institute of Technology. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 7, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9, # 11 Exhibit Exhibit 10)(Bhabha, Ishan) (Entered: 04/18/2024) |

| 04/19/2024 | 34 | Consent MOTION for Extension of Time to 5/17/2024 to respond to Motion to Dismiss by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice.(Weiner, Melissa) (Entered: 04/19/2024) |
|---|---|---|
| 04/19/2024 | 35 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 34 Motion for Extension of Time. Plaintiffs' response to the pending motion to dismiss is due May 17, 2024. (RGS, law3) (Entered: 04/19/2024) |
| 05/17/2024 | 36 | AMENDED COMPLAINT against Massachusetts Institute of Technology, filed by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Goldenberg, Marlene) (Entered: 05/17/2024) |
| 05/21/2024 | 37 | Assented to MOTION for Extension of Time to June 14, 2024 to to Respond to the Amended Complaint and Leave to File a Memorandum of Law up to 35 pages by Massachusetts Institute of Technology.(Lapp, Daryl) (Entered: 05/21/2024) |
| 05/22/2024 | 38 | Judge Richard G. Stearns: ELECTRONIC ORDER entered finding as moot 32 Motion to Dismiss for Failure to State a Claim in light of plaintiffs' filing an Amended Complaint.<br><br>(Zierk, Marsha) (Entered: 05/22/2024) |
| 05/22/2024 | 39 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 37 ASSENTED TO Motion for Extension of Time until June 14, 2024, to to Respond to the Amended Complaint and Leave to File a Memorandum of Law up to 35 pages by Massachusetts Institute of Technology.<br><br>(Zierk, Marsha) (Entered: 05/22/2024) |
| 05/30/2024 | 40 | AMENDED COMPLAINT *with Revised Formatting* against Massachusetts Institute of Technology, filed by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Goldenberg, Marlene) (Entered: 05/30/2024) |
| 06/14/2024 | 41 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and for lack of subject−matter jurisdiction* by Massachusetts Institute of Technology.(Bhabha, Ishan) (Entered: 06/14/2024) |
| 06/14/2024 | 42 | MEMORANDUM in Support re 41 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and for lack of subject−matter jurisdiction* filed by Massachusetts Institute of Technology. (Attachments: # 1 Declaration of Jaren D. Wilcoxson in Support of Defendant's Motion to Dismiss the Amended Complaint, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19)(Bhabha, Ishan) (Entered: 06/14/2024) |
| 06/20/2024 | 43 | Assented to MOTION for Extension of Time to July 19, 2024 to File Response/Reply *to Defendant's Motion to Dismiss* by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice.(Weiner, Melissa) (Entered: 06/20/2024) |
| 06/20/2024 | 44 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting in part and denying in part 43 Motion for Extension of Time to File Response/Reply. Plaintiffs will file their opposition to MIT's motion to dismiss by July 12, 2024. (RGS, law4) (Entered: 06/20/2024) |
| 06/24/2024 | 45 | ELECTRONIC NOTICE Setting Hearing on Motion 41 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and for lack of subject−matter jurisdiction* : Motion |

| | | Hearing set for 7/24/2024 03:00 PM in Courtroom 21 (In person only) before Judge Richard G. Stearns. (Maynard, Timothy) (Entered: 06/24/2024) |
|---|---|---|
| 07/12/2024 | 46 | MEMORANDUM in Opposition re 41 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and for lack of subject−matter jurisdiction* filed by Katerina Boukin, Marilyn Meyers, StandWithUs Center for Legal Justice. (Goldenberg, Marlene) (Entered: 07/12/2024) |
| 07/12/2024 | 47 | MOTION for Leave to File */ Defendant Massachusetts Institute of Technology's Motion for Leave to File a Reply Memorandum in Support of Motion to Dismiss the Amended Complaint* by Massachusetts Institute of Technology.(Bhabha, Ishan) (Entered: 07/12/2024) |
| 07/13/2024 | 48 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 47 Motion for Leave to File Document. MIT may file a 10−page reply brief by July 19, 2024. (RGS, law4) (Entered: 07/13/2024) |
| 07/19/2024 | 49 | REPLY to Response to 41 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and for lack of subject−matter jurisdiction* filed by Massachusetts Institute of Technology. (Bhabha, Ishan) (Entered: 07/19/2024) |
| 07/24/2024 | 50 | Electronic Clerk's Notes for proceedings held before Judge Richard G. Stearns: Motion Hearing held on 7/24/2024 re 41 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and for lack of subject−matter jurisdiction* filed by Massachusetts Institute of Technology. The court hears argument from the parties; The court takes the matter under advisement. (Court Reporter: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com.)(Attorneys present: Goldenberg, Weiner, Bhabha, Hartz, Lapp) (Maynard, Timothy) (Entered: 07/24/2024) |
| 07/26/2024 | 51 | Transcript of Motion Hearing held on July 24, 2024, before Judge Richard G. Stearns. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. Redaction Request due 8/16/2024. Redacted Transcript Deadline set for 8/26/2024. Release of Transcript Restriction set for 10/24/2024. (Cook, Savannah) (Entered: 07/29/2024) |
| 07/26/2024 | 52 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above−captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (Cook, Savannah) (Entered: 07/29/2024) |
| 07/30/2024 | 53 | Judge Richard G. Stearns: ORDER entered granting 41 Motion to Dismiss for Failure to State a Claim. MIT's motion to dismiss the federal claims (Counts I and II) is ALLOWED. The court declines to exercise jurisdiction over the state−law claims (Counts III and IV). The Clerk will close the case. (RGS, law4) (Entered: 07/30/2024) |
| 08/21/2024 | 54 | Judge Richard G. Stearns: ORDER entered. ORDER DISMISSING CASE. (McManus, Caetlin) (Entered: 08/21/2024) |
| 08/29/2024 | 55 | NOTICE OF APPEAL as to 53 Order on Motion to Dismiss for Failure to State a Claim, by Katerina Boukin, Marilyn Meyers Filing fee: $ 605, receipt number AMADC−10575876 Fee Status: Not Exempt. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at** |

| | | **http://pacer.psc.uscourts.gov/cmecf**. <span style="color:red">**Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at**</span> **http://www.ca1.uscourts.gov/cmecf**. **US District Court Clerk to deliver official record to Court of Appeals by 9/18/2024. (Weiner, Melissa) (Entered: 08/29/2024)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-10577-RGS

STANDWITHUS CENTER FOR LEGAL JUSTICE,
KATERINA BOUKIN, and MARILYN MEYERS

v.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

July 30, 2024

STEARNS, D.J.

This putative class action against Massachusetts Institute of Technology (MIT) challenges the adequacy of MIT's response to acts of antisemitism occurring on its campus. Plaintiffs StandWithUs Center for Legal Justice (SCLJ), Katerina Boukin, and Marilyn Meyers claim that, after the bloody October 7, 2023 Hamas terrorist attack on Israel, repeated incidents of antisemitic conduct took place on the MIT campus, causing Jewish and Israeli students to fear for their personal safety. The First Amended Complaint (FAC) alleges four counts: deliberate indifference to a hostile educational environment impacting Jewish and Israeli students in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (Count I); failure to prevent a conspiracy to interfere with civil rights in

violation of 42 U.S.C. § 1986 (Count II); negligence (Count III); and breach of contract (Count IV).[1]  Plaintiffs seek compensatory and punitive damages and prospective injunctive relief.

MIT now moves to dismiss the FAC, lodging challenges under Rules 12(b)(1) and 12(b)(6).  On July 24, 2024, the court convened a hearing on MIT's motion.  After careful consideration and commendable argument from both sides, the court will allow MIT's motion.

## BACKGROUND

The relevant facts, drawn from the FAC and taken in the light most favorable to plaintiffs, are as follows.  On October 7, 2023, the Palestinian Sunni Islamist terrorist group Hamas committed a violent terrorist attack on Israel.[2]  The day after the attack, multiple MIT student groups – including the Coalition Against Apartheid (CAA) and Palestine@MIT – released a joint statement "hold[ing] the Israeli regime responsible for all unfolding violence."  FAC ¶ 147.  The statement was posted on CAA's and

---

[1] Counts I-III are alleged by all plaintiffs.  Count IV is alleged by Boukin and Meyers individually and, for injunctive relief only, on behalf of a putative class of "[a]ll Jewish and/or Israeli students enrolled at MIT after October 7, 2023, who did not participate in the pro-Palestine protests described [in the FAC]."  First Am. Compl. (FAC) (Dkt. # 40) ¶ 366.

[2] "Hamas" is an acronym for Harakat al-Muqawama al-Islamiya, which translates roughly into Islamic Resistance Movement.  In 1997, the U.S. Department of State designated Hamas as a Terrorist Organization under § 219 of the Immigration and Nationality Act, 8 U.S.C. § 1189.

Palestine@MIT's blogs, was sent to every undergraduate student's email, and was shared on Palestine@MIT's Instagram account.  *See id.* ¶ 145.  On October 19, 2023, CAA hosted a rally, which Meyers attended.  A protestor shouted at Meyers and a friend, "Your ancestors . . . didn't die to kill more people."  *Id.* ¶ 156.  Others at the rally chanted phrases such as "Palestine will be free, from the river to the sea."[3]  *Id.* ¶ 157.  Student groups continued demonstrating throughout the semester, walking out of classes, organizing "die-ins," and protesting in Lobby 7, a "major thoroughfare" on the MIT campus.  *See id.* ¶¶ 159-162, 169-188.

On November 9, President Sally Kornbluth issued a statement warning the Lobby 7 protestors that their conduct violated MIT's Code of Conduct; threatening the students with disciplinary action, including potential suspension; and ordering them to vacate Lobby 7 immediately.[4]

---

[3] "From the river to the sea" refers to the area between the Jordan River and the Mediterranean Sea, in which Israel, the West Bank, East Jerusalem, and the Gaza Strip are located.  While some claim the phrase is a call for peace in the region, many, including the majority of members of the U.S. House of Representatives, condemn the phrase as "outrightly antisemitic."  *See* H.R. Res. 883, 118th Cong. (2023).

[4] MIT provided documents intended to show that MIT began responding forcefully to the intimidation of Jewish and Israeli students on October 10, 2023.  *See* Mem. of Law in Supp. of Def. MIT's Mot. to Dismiss the Am. Compl. (Mot.), Ex. 1 (Dkt. # 42-2).  As these are not properly before the court on a 12(b)(6) motion (and they have no bearing on MIT's

3

After deciding that suspending students could lead to "collateral consequences . . . such as visa issues," MIT changed course and chose to suspend student violators from only non-academic campus activities.  *Id.* ¶ 184.  Around the same time, MIT also provisionally suspended CAA, *see id.* ¶ 125 n.3, and created the Standing Together Against Hate initiative, which was intended to "spearhead efforts to combat antisemitism at MIT,"[5] *id.* ¶ 201.

As the protests continued over the academic year, many Jewish and Israeli MIT students, including plaintiffs and SCLJ's members, felt abandoned by the school's administration.  For example, when a member of Congress asked President Kornbluth whether "calling for the genocide of Jews violate[s] MIT's code of conduct," President Kornbluth gave a hairsplitting legalistic response: "If targeted at individuals, not making public statements."  *Id.* ¶ 198.  And when students complained to MIT's Institute Discrimination & Harassment Response Office (IDHR) about the perceived antisemitic incidents, IDHR responded that the complained-of conduct "did not seem to violate the policies that IDHR has jurisdiction

---

12(b)(1) motion), the court is unable to consider them.  *See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008).

[5] MIT disbanded the initiative in February of 2024.  FAC ¶ 202.

over" and, moreover, that Jews are not members of a protected class. *Id.* ¶ 205.

The protest activity at MIT reached a boiling point on April 21, 2024, when students erected an encampment on Kresge lawn (across from Hillel, an organization promoting Jewish campus life), protesting Zionism and MIT's ties to Israeli academics and government contractors. *See id.* ¶ 221. A Jewish student promptly emailed MIT Chancellor Melissa Nobles expressing dismay over the encampment, prompting Chancellor Nobles to reply that MIT was "working to move in a constructive direction with those who are protesting." *Id.* ¶ 224.

A week after the encampment appeared, President Kornbluth released a video statement. She informed students that the encampment violated MIT policy but, in the interest of protecting free speech, MIT had elected not to forcibly remove the student protestors. *See MIT Community Message from President Kornbluth* (April 27, 2024), https://president.mit.edu/writing-speeches/video-transcript-mit-community-message-president-kornbluth.[6]  President Kornbluth directed the MIT Police Department to patrol the area around the encampment 24

---

[6] Plaintiffs cite – and link – to the transcript of President Kornbluth's speech in the FAC, so the court may consider it. *See Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998).

hours a day.  *See id.*  On May 6, President Kornbluth warned student demonstrators that if they did not take down the tents and leave by 2:30pm, they would face disciplinary proceedings.  FAC ¶ 238.  All but five students eventually complied with President Kornbluth's ultimatum.  *See* Sally Kornbluth, *Update on the Encampment* (May 6, 2024), https://orgchart.mit.edu/letters/update-encampment.       Despite       the departure of most of the protestors, that evening, "an individual jumped over the fencing surrounding the [mostly abandoned encampment], causing a surge, and soon the area was breached," and the encampment started anew.  FAC ¶ 239.  Tensions continued to rise over the next several days.  On May 8, after protestors defaced Israeli flags, "[t]he day ended with more suspensions."  Sally Kornbluth, *Actions This Morning* (May 10, 2024),  https://orgchart.mit.edu/letters/actions-encampment.     The   next day, protestors blocked Vassar Street – a main campus thoroughfare – and, after refusing to disperse, nine of them were arrested.  *Id.*  On May 10, after further police pressure, the encampment was discontinued.  *See id.*

MIT maintains various policies that govern student conduct, including the Code of Conduct, Chalking Policy, and Events Policy, (together, the Policies).  The Policies proscribe, *inter alia*, physical violence, behavior that has "serious ramifications" for the wellbeing of any student,

6

and discrimination.  If a student violates the Policies, they are subject to a salmagundi of discipline, including a warning, probation, suspension, expulsion, or degree revocation.  The Chalking Policy limits where students may chalk and hang posters and prohibits the removing or defacing of other groups' posters.  The Events Policy bans expression used to harass, discriminate against, or target any groups or individuals.

## DISCUSSION

### Subject Matter Jurisdiction

MIT challenges the court's jurisdiction on three grounds: (1) SCLJ lacks associational standing to pursue any of the claims; (2) all plaintiffs lack standing to obtain prospective injunctive relief; and (3) Count I is unripe.  To establish standing, plaintiffs must, "for each claim that they press and for each form of relief that they seek," "establish each part of a familiar triad: injury, causation, and redressability."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021); *Katz v. Pershing, LLC*, 672 F.3d 64, 71 (1st Cir. 2012).  Standing to seek prospective relief hinges on a showing that the plaintiff is "likely to suffer future injury."  *City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983).

An association has standing to sue on its members' behalf when "(a) its members would otherwise have standing to sue in their own right;

7

(b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 342 (1977). Because an association's members are not parties to the case, to recover damages on behalf of its members, the association must show that the damages are "common to the entire membership." *Warth v. Seldin*, 422 U.S. 490, 515 (1975). Similar conditions apply to injunctive relief; if "member circumstances differ and proof of them is important," the association lacks standing to obtain an injunction for its members. *N.H. Motor Transp. Ass'n v. Rowe*, 448 F.3d 66, 72 (1st Cir. 2006), quoting *Pharm. Care Mgm't Ass'n v. Rowe*, 429 F.3d 294, 314 (1st Cir. 2005) (Boudin, J., concurring).

In assessing ripeness, the court considers "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). A claim is not fit for decision if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *City of Fall River v. F.E.R.C.*, 507 F.3d 1, 6 (1st Cir. 2007), quoting *Texas v. United States*, 523 U.S. 296, 300 (1998).

8

The court perceives no jurisdictional bar to this case proceeding. Although MIT is correct that SCLJ lacks standing to seek damages on Counts I and III,[7] Boukin and Meyers have standing to seek damages for these counts. Because the FAC plausibly alleges ongoing injuries, Boukin and Meyers also have standing to seek prospective injunctive relief. *See Roe v. Healey*, 78 F.4th 11, 21 (1st Cir. 2023). Nor is the court persuaded that SCLJ's members need to be joined as parties to the case. Even if SCLJ's claims require "proof specific to individual members of the association," this is no bar to associational standing for purposes of injunctive relief. *See Playboy Enters., Inc. v. Pub. Serv. Comm'n of P.R.*, 906 F.2d 25, 35 (1st Cir. 1990).

Plaintiffs' Title VI claim is also ripe. MIT argues that it should not have to "defend the adequacy of its response [to on-campus antisemitism] while that response [is] underway." Mot. at 21. Boukin's and Meyers's damages claims depend, however, on past events that have fully unfolded,

---

[7] SCLJ seeks to recover compensatory and punitive damages on behalf of its members. Because Title VI is "much in the nature of a contract," the scope of available damages relief is contractual in nature. *Barnes v. Gorman*, 536 U.S. 181, 186-187 (2002), quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981) (emphasis omitted). Contractual damages, however, are not "common to the entire membership." *See Warth*, 422 U.S. at 515. So, too, is the case with tort-based damages, which are designed to redress individualized non-economic losses.

9

so there can be no dispute that they are ripe. *See Ernst & Young v. Depositors Econ. Prot. Corp.*, <u>45 F.3d 530, 535</u> (1st Ci<u>r. 1995</u>). And MIT's arguments that plaintiffs' claim for prospective injunctive relief is unripe turn largely on the merits of the dispute, *i.e.*, whether MIT has been deliberately indifferent and whether this alleged deliberate indifference is "sufficiently likely to happen" when campus life resumes this fall. *See Gun Owners' Action League, Inc. v. Swift*, <u>284 F.3d 198, 205</u> (1st Ci<u>r. 2002</u>). Because the ripeness issue is intertwined with the merits, the court need not rule on it at this juncture. *See Valentin v. Hosp. Bella Vista*, <u>254 F.3d 358, 363</u> n.3 (1st Ci<u>r. 2001</u>)

**Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, <u>556 U.S. 662, 678</u> (2009), quoting *Bell Atl. Corp. v. Twombly*, <u>550 U.S. 544, 570</u> (2007). If the allegations in the complaint are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," the complaint will be dismissed. *SEC v. Tambone*, <u>597 F.3d 436, 442</u> (1st Ci<u>r. 2010</u>) (en banc).

### (a)   Count I: Title VI

Title VI forbids recipients of federal funds from discriminating "on the ground of race, color, or national origin." 42 U.S.C. § 2000d.  The parties agree that discrimination against Jewish students comes within the statute's prohibition.  A Title VI hostile environment claim[8] has five elements:  (1) plaintiffs were "subject to 'severe, pervasive, and objectively offensive' . . . harassment"; (2) the harassment "caused the plaintiff to be deprived of educational opportunities or benefits"; (3) the school "knew of the harassment"; (4) the harassment occurred "in [the school's] programs and activities"; and (5) the school "was deliberately indifferent to the harassment such that its response (or lack thereof) is clearly unreasonable in light of the known circumstances."  *Porto v. Town of Tewksbury*, 488

---

[8] Although the FAC also gestures at a direct discrimination theory, plaintiffs have not pursued this theory in their briefing on the motion to dismiss.  At any rate, plaintiffs' direct discrimination theory is indubitably one of vicarious liability.  Although there is no Supreme Court or First Circuit precedent squarely addressing the issue, the Supreme Court has held that a school district cannot be held vicariously liable under Title IX for the actions of its teachers.  *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 288 (1998).  The remedial schemes for Titles VI and IX generally mirror one another.  *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 258 (2009); *see also Doe v. Galster*, 768 F.3d 611, 617 (7th Cir. 2014) ("Title VI and Title IX are so similar that a decision interpreting one generally applies to the other.").  It follows that vicarious liability is unavailable under Title VI.  *See Corbett ex rel. Corbett v. Browning*, 2024 WL 862160, at *3 (D. Mass. Feb. 13, 2024).

F.3d 67, 72-73 (1st Cir. 2007), quoting *Davis v. Monroe Cnty. Bd. of Educ.*,
526 U.S. 629, 650 (1999).

Deliberate indifference is a "stringent standard of fault." *Bd. of the
Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "[A] claim that an
institution could or should have done more does not establish deliberate
indifference." *M.L. ex rel. D.L. v. Concord Sch. Dist.*, 86 F.4th 501, 511 (1st
Cir. 2023). Rather, plaintiffs must allege facts showing that MIT's response
to the incidents was "so lax, so misdirected, or so poorly executed as to be
clearly unreasonable under the known circumstances." *Fitzgerald v.
Barnstable Sch. Comm.*, 504 F.3d 165, 175 (1st Cir. 2007), *rev'd on other
grounds*, 555 U.S. 246 (2009). The test is not to be viewed through the lens
of hindsight; instead, the court must consider whether MIT responded in a
clearly unreasonable manner based on what it knew at the time. *See Porto*,
488 F.3d at 74; *see also Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (even
where officials are aware of a risk of harm, they "may be found free from
liability if they responded reasonably to the risk, even if the harm ultimately
was not averted"). Boiled down to its essence, deliberate indifference
means affirmatively choosing to do the wrong thing, or doing nothing,
despite knowing what the law requires. Tempered by this understanding,
the court cannot find that MIT acted with deliberate indifference.

The FAC compellingly depicts a campus embroiled in an internecine conflict that caused Jewish and Israeli students great anguish. Plaintiffs frame MIT's response to the conflict largely as one of inaction. But the facts alleged tell a different story. Far from sitting on its hands, MIT took steps to contain the escalating on-campus protests that, in some instances, posed a genuine threat to the welfare and safety of Jewish and Israeli students, who were at times personally victimized by the hostile demonstrators. MIT began by suspending student protestors from non-academic activities, permitting them only to attend academic classes, while suspending one of the most undisciplined of the pro-Palestine student groups. These measures proved ineffective when, in April of 2024, protestors erected the Kresge lawn encampment. MIT immediately warned students of impending disciplinary action, but its threat went unheeded when student demonstrators "surge[d]" and "breached" the largely evacuated encampment. When MIT's attempt to peacefully clear the encampment proved futile, it suspended and arrested trespassing students.

In hindsight, one might envision things MIT could have done differently. Indeed, some campus administrators elsewhere, as plaintiffs allege, reacted to the protests differently (and with more positive results) than MIT. But that is not the applicable standard. That MIT's evolving and

13

progressively punitive response largely tracked its increasing awareness of the hostility that demonstrators directed at Jewish and Israeli students shows that MIT did not react in a clearly unreasonable manner.

The court adds some concluding thoughts. The pain and hurt felt by plaintiffs and the Jewish and Israeli students that they seek to represent is genuine and fully understandable. But at bottom, the fault attributed to MIT is its failure to anticipate the bigoted behavior that some demonstrators – however sincere their disagreement with U.S. and Israeli policies – would exhibit as events unfolded. The transgressors were, after all, mostly MIT students whom the school (perhaps naively) thought had internalized the values of tolerance and respect for others – even those with whom one might disagree – that a modern liberal university education seeks to instill. To fault MIT for what proved to be a failure of clairvoyance and a perhaps too measured response to an outburst of ugliness on its campus would send the unhelpful message that anything less than a faultless response in similar circumstances would earn no positive recognition in the eyes of the law. Count I will thus be dismissed.

### (b)   Count II:   <u>42 U.S.C. § 1986</u>

Plaintiffs seek to hold MIT liable under § 1986 for knowingly failing to prevent the formation of a conspiracy consisting of MIT student groups

14

to deprive plaintiffs of their civil rights.[9]  An essential element of this claim is proof of at least one of the conspiracies defined by 42 U.S.C. § 1985.  *See Gattineri v. Town of Lynnfield*, 58 F.4th 512, 516 (1st Cir. 2023).  Plaintiffs look to § 1985(3), which prohibits conspiracies undertaken to deprive, "either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3).

To plead an actionable § 1985(3) conspiracy, plaintiffs must allege: (1) the existence of a conspiracy; (2) that the "purpose of the conspiracy [was] 'to deprive the plaintiff[s] of the equal protection of the laws'"; (3) at least one overt act was committed in furtherance of the conspiracy; and (4) "either injury to person or property, or deprivation of a constitutionally protected right" followed as a consequence of the illegal undertaking. *Alston v. Spiegel*, 988 F.3d 564, 577 (1st Cir. 2021), quoting *Péréz-Sánchez v. Pub. Bldg. Auth.*, 531 F.3d 104, 107 (1st Cir. 2008).  To plausibly plead that a conspiracy existed, plaintiffs must allege either "facts indicating an agreement among the conspirators" or facts "sufficient to support a reasonable inference that such an agreement was made."  *Parker v.*

---

[9] The court is aware of no case (and plaintiffs cite none) holding a party liable under § 1986 for failing to prevent a conspiracy in which the party was not involved.  Nonetheless, the court will proceed on the shaky assumption that § 1986 liability could attach in these circumstances.

*Landry*, 935 F.3d 9, 18 (1st Cir. 2019).  The requisite agreement must be to deprive plaintiffs of their civil rights.  *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 275 (1993) (the right's "impairment must be a conscious objective of the enterprise").

Plaintiffs fail to plead any conspiratorial agreement.  They claim that MIT student groups (1) jointly announced rallies, walkouts, and the encampment;  (2) had overlapping membership;  and (3) recruited participants for (and participated in) the encampment.  These allegations establish that student groups acted in concert to plan protest events advocating their shared views, but nothing in the FAC raises a plausible inference that the groups agreed to plan the events "at least in part for the very purpose of" depriving plaintiffs of their civil rights.  *See id.* at 276.  Nor does plaintiffs' contention that the "clear practical effect" of the protests "was to impede the rights of Jewish and Israeli students on campus" rescue their claim.  *See* Pls.' Mem. of Law in Opp'n to Def.'s Mot. to Dismiss the Am. Compl. (Dkt. # 46) at 26.  "A conspiracy is not 'for the purpose' of denying equal protection simply because it has an effect upon a protected right."[10]  *Bray*, 506 U.S. at 275.  Count II will therefore be dismissed.

---

[10]  It is also unclear whether student groups, rather than their constituent members, can form a § 1985(3) conspiracy.  In the somewhat analogous civil RICO context, "[i]t is only a person, or one associated with

### (c)    Counts III and IV:  Negligence and Breach of Contract

Having dismissed all claims over which the court has original jurisdiction (and because plaintiffs have not pled diversity jurisdiction), the court will decline to exercise supplemental jurisdiction over plaintiffs' state-law claims.  *See Carnegie-Mellon Univ. v. Cohill*, <u>484 U.S. 343, 350</u> (1988); <u>28 U.S.C. § 1367(c)(3)</u>.

## ORDER

For the foregoing reasons, MIT's motion to dismiss the federal claims (Counts I and II) is <u>ALLOWED</u>.  The court declines to exercise jurisdiction over the state-law claims (Counts III and IV).  The Clerk will close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

an enterprise, not the enterprise itself, who can violate" RICO.  *Schofield v. First Commodity Corp. of Bos.*, <u>793 F.2d 28, 30</u> (1st Ci<u>r. 1986</u>).  Other courts have concluded in the § 1985(3) context that "fail[ure] to allege with any specificity the persons who agreed to the alleged conspiracy" dooms a civil rights conspiracy claim.  *E.g.*, *A Soc'y Without a Name v. Virginia*, <u>655 F.3d 342, 347</u> (4th Ci<u>r. 2011</u>).

17

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**StandWithUs Center for Legal Justice et al**
                        Plaintiffs

                                                CIVIL ACTION

        V.
                                                NO. **1:24-cv-10577-RGS**

**Massachusetts Institute of Technology**
                        Defendant

## ORDER OF DISMISSAL

Stearns, D. J.

        Pursuant to the Court's Memorandum and Order [Doc. No. 53] GRANTING Defendant's motion to dismiss the federal claims, Plaintiffs' Complaint is hereby dismissed. This case is CLOSED.

        IT IS SO ORDERED.

                                        By the Court,

8/21/2024                                               /s/ Caetlin McManus
        Date                                            Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

STANDWITHUS CENTER FOR LEGAL
JUSTICE, KATERINA BOUKIN, and
MARILYN MEYERS,

                 Plaintiffs,

v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

                 Defendant.

CIVIL ACTION NO.: 1:24-cv-10577-RGS

## NOTICE OF APPEAL

Notice is hereby given that StandWithUs Center for Legal Justice, Katerina Boukin, and

Marilyn Meyers, the Plaintiffs in the abovenamed matter, hereby appeals to the United States Court

of Appeals for the First Circuit from the Order on Defendant's Motion to Dismiss entered in this

action on July 30, 2024.


Dated:  August 29, 2024          */s/ Melissa S. Weiner*
                               Melissa S. Weiner (*pro hac vice*)
                               **PEARSON WARSHAW, LLP**
                               328 Barry Avenue S., Suite 200
                               Wayzata, MN 55391
                               Tel: 612-389-0600
                               Fax: 612-389-0610
                               mweiner@pwfirm.com

                               Neil Swartzberg (*pro hac vice*)
                               **PEARSON WARSHAW, LLP**
                               555 Montgomery St., Suite 1205
                               San Francisco, CA 94111
                               Telephone: 415-433-9000
                               nswartzberg@pwfirm.com

David Abrams (Mass BBO  639250)
**DAVID ABRAMS, ATTORNEY AT LAW**
PO Box 3353 Church Street Station
New York, NY 10008
Telephone: (212) 897-5821
Fax: (212) 897-5811
dnabrams@wjlf.org

Marlene J. Goldenberg (*pro hac vice*)
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
14 Ridge Square NW, Third Floor
Washington DC 20016
Telephone: (202) 792-7927
Fax: (202) 792-7927
mgoldenberg@nighgoldenberg.com

Jason P. Sultzer (*pro hac vice*)
Jeremy Francis (*pro hac vice* forthcoming)
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Ste 200
Poughkeepsie, NY 12601
Telephone: 845-244-5595
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
jfrancis@thesultzerlawgroup.com

Janet Varnell (*pro hac vice*)
**VARNELL & WARWICK, P.A.**
400 N Ashley Drive, Suite 1900
Tampa, FL 33602
Telephone: 352-753-8600
jvarnell@vandwlaw.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 29, 2024.

<u>*/s/ Melissa S. Weiner*</u>
Melissa S. Weiner